UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SYNASIA SANDERS and JACQUELINE HINE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> OS RESTAURANT SERVICES, LLC, OUTBACK STEAKHOUSE INTERNATIONAL, L.P. AND OUTBACK STEAKHOUSE OF FLORIDA, LLC AND BONEFISH GRILL, LLC, <br><br> Defendants. | CIVIL ACTION NO. 1:21-CV-04778-SCJ <br><br> JURY TRIAL DEMANDED |

**JOINT MOTION TO STAY
PROCEEDINGS FOR NINETY DAYS**

Plaintiffs Synasia Sanders and Jacqueline Hine ("Plaintiffs") and Defendants OS Restaurant Services, LLC, Outback Steakhouse International, L.P., Outback Steakhouse of Florida, LLC, and Bonefish Grill, LLC("Defendants") (collectively "the Parties"), through their undersigned counsel, move this Court to stay all proceedings in this case, including discovery and all other litigation deadlines and conferences in this matter for 90 days, March 18, 2022 through June 16, 2022. In support of this Motion, the Parties state as follows.

1

### I.     INTRODUCTION

This case is a putative collective action on behalf of tipped employees at Defendants' restaurants, asserting claims under the Fair Labor Standard Act's "tip credit" provisions. *See, e.g.,* 29 U.S.C. § 203(m). Under the FLSA's tip-credit provisions, an employer may pay tipped employees less than the minimum wage by taking a tip credit based on the tips that the employees receive from customers. *See* Plaintiffs' Amended Complaint, Dkt. No. 25 at ¶¶ 2-9. In particular, Plaintiffs allege that Defendant required them and the proposed Class Members to perform activities unrelated to their work as tipped employees and failed to pay them the full minimum wage for that time. *See id.* Additionally, Plaintiffs claim that Defendants may not take advantage of the tip credit when an employee performs non-tipped work that is related to the employee's tipped duties, if such work exceeds 20 percent of the employee's time during a workweek or for extended periods of time during the week when no tip generating activity is performed. *See id.* Plaintiffs allege that they and other employees performed non-tipped work in excess of 20 percent of their work time during some workweeks and spent continuous periods of time each week when they did not perform any tip generating work. *See generally* Doc. No. 25. Defendants deny these claims.

## II.     PROCEDURAL BACKGROUND

Plaintiff Synasia Sanders originally filed her putative FLSA collective action Complaint in this case on November 18, 2021. [Doc. 1] ("original Complaint"). Defendants timely filed an Answer to the original Complaint on February 22, 2022. [Doc. 21]. Subsequently, additional individuals have filed consents to join and opted-in to this Action. *See* Docket.

The parties held a Rule 26(f) conference regarding the original Complaint and their deadline to submit the joint preliminary planning report and discovery plan regarding this Complaint is March 24, 2022. However, on March 15, 2022, Plaintiff Sanders, together with new plaintiff Jacqueline Hine, filed an Amended Complaint, which added Bonefish Grill as an additional defendant. [Doc. No. 25]. Defendants' response to the Amended Complaint is due on March 29, 2022.

After Plaintiffs filed the Amended Complaint, Plaintiffs' Counsel and Defendants' Counsel discussed and agreed upon a framework for a potential resolution.  As part of that framework, the Parties have agreed to engage in informal discovery into the merits of the Plaintiffs' claims and the potential damages that could be owed to explore the possibility of an early resolution to this case.  The Parties now file this Joint Motion to Stay.

3

### III.  **JOINT REQUEST FOR STAY OF ALL PROCEEDINGS**

The Parties jointly request a stay of all case deadlines (including Defendants' response to Plaintiffs' Amended Complaint [Doc. No. 25] and the Joint Preliminary Planning Report deadline), discovery and litigation proceedings in order to complete their informal discovery and explore potential settlement. Defendants have agreed to provide within 45 days the pay data, time data, and point-of-sale data for a sample of the potential Class Members.  With that data, Plaintiffs' Counsel anticipates producing a report to Defendants' Counsel identifying the specific instances where alleged violations occurred and the amount of potential damages that could be due. With that information, the Parties believe they may be in a position to resolve this case.  At the very least, this information exchange of information will narrow the issues in dispute and allow discovery (if a settlement is not reached) to proceed in an efficient and cost effective manner.

### IV.  **ARGUMENT**

"The decision to grant a stay ... is generally left to the sound discretion of district courts." *Connor v. Sec'y, Fla. Dep't Corrections*, 713 F.3d 609, 619 (11th Cir. 2013) (internal quotes and citation omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Tomco Equipment Co. v.*

*Southeastern Agri-Systems, Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008) ("Courts have the inherent power to control their own dockets, including the power to stay proceedings."). "When deciding whether to grant a stay, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and trial date has been set." *Collegiate Licensing Co. v. American Cas. Co. of Reading*, *Pa.*, 842 F. Supp. 2d 1360, 1369 (N.D. Ga. 2012) (citation and internal quotation marks omitted).

Here, as stated, because the parties are jointly requesting a stay to explore potential resolution, there will be no undue prejudice or tactical disadvantage to any party. Further, a stay will simplify issues in the case and achieve efficient use of resources – either the case will be resolved following the stay, or, at a minimum, the issues will be narrowed for litigation. Finally, there is no pending trial date; Plaintiffs have just filed an Amended Complaint and no discovery has begun. As such, the Court may properly exercise its discretion here to grant the parties' requested stay.

## V.   CONCLUSION

For the reasons set forth above, the Parties jointly request a 90 day stay of all proceedings in this case, including all discovery and litigation deadlines, including but not limited to, the deadlines for Defendants to respond to the Amended

Complaint [Doc. No. 25] and for the Parties to submit a joint preliminary planning report and discovery plan.  The Parties request that the stay of all proceedings be effective until June 16, 2022.  Within ten days thereafter, by June 26, 2022, the Parties will file a status report with the Court updating the Court on the status of the case, including whether resolution has been reached.

    A proposed Order is filed herewith.

Dated:  March 18, 2022

Respectfully submitted by,

By:/s/ *Don J. Foty*_____
Don J. Foty
(admitted pro hac vice)
Hodges & Foty, LLP
Texas Bar No. 24050022
4409 Montrose Blvd, Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
dfoty@hftrialfirm.com

And

By: *John L. Mays*_____
John L. Mays
Georgia Bar No. 986574
jmays@pcwlawfirm.com
Parks, Chesin & Walbert, P.C.
75 Fourteenth Street
26th Floor
Atlanta, GA 30309

By:/s *Lauren H. Zeldin*
Lauren H. Zeldin
GA Bar No. 368999
Luke P. Donohue
GA Bar No. 193361
luke.donohue@ogletree.com
Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA  30303
Telephone:  404.881.1300
Fax:  404.870.1732

Attorneys for Defendants

Tel. (404) 873-8000
Fax. (404) 873-8050

And

Anthony J. Lazzaro
Ohio Bar No. 0077962
(admitted pro hac vice)
Alanna Klein Fischer
Ohio Bar No. 0090986
(admitted pro hac vice)
Lori M. Griffin
Ohio Bar No. 0085241
(admitted pro hac vice)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
alanna@lazzarolawfirm.com
lori@lazzarolawfirm.com

Attorneys for Plaintiff and Class Members

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **SYNASIA SANDERS and JACQUELINE HINE, individually and on behalf of all others similarly situated,**<br><br>,<br><br>Plaintiffs,<br><br>v.<br><br>**OS RESTAURANT SERVICES, LLC, OUTBACK STEAKHOUSE INTERNATIONAL, L.P. AND OUTBACK STEAKHOUSE OF FLORIDA, LLC AND BONEFISH GRILL, LLC,**<br><br>Defendants. | **CIVIL ACTION NO. 1:21-CV-04778-SCJ**<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

This is to certify that on March 18, 2022, a copy of the foregoing was served upon all parties via the Court's ECF.

                                          /s/ Don J. Foty
                                          Don J. Foty