UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SYNASIA SANDERS AND JACQUELINE HINE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**OS RESTAURANT SERVICES, LLC, OUTBACK STEAKHOUSE INTERNATIONAL, L.P. AND OUTBACK STEAKHOUSE OF FLORIDA, LLC AND BONEFISH GRILL, LLC,**<br><br>**Defendants.** | **CASE NO. 1:21-CV-04778-SEG** |

**ORDER GRANTING MOTION FOR APPROVAL OF**
**FAIR LABOR STANDARDS ACT SETTLEMENT**

This case is before the Court for consideration of the Plaintiffs' Consent Motion for Approval of a Fair Labor Standards Act settlement. (Dkt. 156). Approval is sought of the Parties' collective action settlement under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), in which the Plaintiffs allege that they and members of the collective action worked for Defendants as servers and bartenders at Outback Steakhouse and/or Bonefish Grill and sought unpaid wages for being paid

1

hourly rates below the minimum wage. After reviewing the record, the Motion, and conducting a hearing, the Court APPROVES the Parties' settlement and enters the following Order.

I.

The Court reviews an FLSA settlement to ensure it is fair, adequate, and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions."). Having reviewed the Settlement Agreement and the Release (the "Agreement") (Dkt. 156-1) executed by the Parties, the Court finds that the settlement is fair, adequate, and reasonable.

Specifically, the Court finds that it has jurisdiction over the subjection matter of this litigation, the Named Plaintiffs, the Opt-In Plaintiffs, and Defendants for purposes of approving the Agreement.

The Court finds that the Agreement was negotiated at arm's length by represented Parties and is not the result of any collusion. The Parties attended

mediation with Mediator Eric Galton and the settlement was reached following a mediator's proposal.  Each side is represented by experienced attorneys familiar with the legal and factual issues and both sides had sufficient information to evaluate the settlement value of this case.  I find that the Named Plaintiffs and Plaintiffs' Counsel adequately represented the Opt-In Plaintiffs for purposes of entering into the Agreement. The Named Plaintiffs and Plaintiffs' Counsel have acted independent of Defendants and in the interests of the Opt-In Plaintiffs.

The Court finds that the Agreement is fair, reasonable, and adequate as to the Named Plaintiffs and the Opt-In Plaintiffs.  The Agreement provides for a total payment of $4,170,000. The Agreement provides that every Plaintiff and Opt-In Plaintiff who joined this case following the issuance of the notice that was previously approved by the Court (Dkt. 43) will receive a payment without that the necessity of completing a claim form.  The list of each Opt-In Plaintiff is included in Exhibit "1" to the Agreement.  The Agreement provides for a payment of attorneys' fees and costs in the amount of $1,947,381.71, and a payment of a service award to each Named Plaintiff in the amount of $10,000.00.

The Court finds that the total amount of the settlement is fair, adequate, and reasonable taking into account the costs, risks, and delay of trial and appeal.  The Defendants deny liability, deny willfulness as to any FLSA violations under 29

U.S.C. § 255, and contend that they acted in good faith such that liquidated damages should not be assessed. The total settlement amount will compensate the Named Plaintiffs and Opt-In Plaintiffs at an amount which is approximately 167% of their unpaid wages on the two year limitations period based upon Defendants' time and pay data. After deductions for attorney's fees and costs, the Named Plaintiffs and Opt-In Plaintiffs are still recovering approximately 89% of their unpaid wages on a two year limitations period.  This agreed-upon settlement amount is the product of a good faith compromise between the Parties on disputed issues of law and fact and the Agreement was only reached through arm's length negotiations by experienced counsel.  If the settlement had not been achieved, the Named Plaintiffs and the Opt-In Plaintiffs faced the expense, risk, and uncertainty of extended litigation.

The Court further finds that the attorneys' fees and costs provided in the Agreement are fair and reasonable. Plaintiffs' Counsel has litigated this case successfully without any payment to date, took the risk of potentially no payment with an adverse result, and advanced costs on behalf of all Plaintiffs. An award of attorneys' fees and costs as a percentage of the common fund is acceptable in these circumstances and is justified here. *See, e.g.*, *Wreyford v. Citizens for Transp. Mobility, Inc.*, 2014 WL 11860700, at *1 (N.D. Ga. Oct. 16, 2014); *Brenowitz v. Implant Seminars, Inc.*, 2017 WL 3438879, at *5 (S.D. Fla. Aug. 10, 2017) (finding

that a 40% contingency fee arrangement was reasonable and fair); *Sarabia v. Spitzer Indus., Inc.,* 2018 WL 6046327, at *4 (S.D. Tex. Nov. 19 2018) (approving 40% and stating that a 40% fee "is in line with that approved in other FLSA cases."); *Sterling v. Greater Houston Transportation Company, et al.*, No. Civ. A.: 4:20-cv-00910 (S.D. Tex. Apr. 19, 2022) (Dkt. 150) (approving 40% fee award to plaintiff's counsel in FLSA collective action).  The Agreement does not raise any questions concerning fairness of the settlement amount for attorneys' fees or costs.

The Court further approves the service award to the Named Plaintiffs in the amount of $10,000 each. Such service awards have been widely accepted and approved in FLSA collective settlements. *See, e.g.*, *Bozak v. FedEx Ground Package Sys.*, 2014 WL 3778211, at *4-5 (D. Conn. July 31, 2014) (approving $10,000 incentive award and identifying cases awarding similar or higher amounts); *Whittington v. Taco Bell of Am., Inc.*, 2013 WL 6022972, at *6 (D. Colo. Nov. 13, 2013) (approving $7,500.00 service award); *Su v. Elec. Arts, Inc.*, 2006 WL 4792780, at *5 (M.D. Fla. Aug. 29, 2006) (approving $10,000 service payment). The Court is mindful of the Eleventh Circuit's holding in *Johnson v. NPAS Sols., L.L.C.*, 975 F.3d 1244, 1255-61 (11th Cir. 2020). Because this case is not a Rule 23 opt-out class action but is instead an opt in collective action, the Court finds *Johnson* distinguishable.  Additionally, the service awards were negotiated separately and this

additional payment to the Named Plaintiffs is in consideration for a general release that is being provided, which includes a release of any and all claims against Defendants.

The Court approves the Notice attached as Exhibit "2" to the Agreement. The proposed Notice clearly and accurately describes the nature of the litigation, Plaintiffs' claims and Defendants' defenses, and the definition of the Collective that was certified.

The Court approves the hiring of a settlement claims administrator and the settlement claims administrator shall distribute the settlement funds in accordance with the Agreement.

II.

Therefore, the Motion for Approval of the Settlement is hereby **GRANTED,** the settlement of the Parties is hereby **APPROVED,** and the terms of the Parties' Agreement are hereby incorporated into this Order.

The Court hereby enters final **JUDGMENT** in this case and there being no reason to delay entry of this final judgment, the Clerk of the Court is ordered to enter this final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and terminate the file. The Court retains jurisdiction over the action to oversee and enforce the terms of the Agreement. Further, the Court shall

retain jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Agreement or any payments made under the Agreement.

**SO ORDERED.**

**DATE**_____

_____
**JUDGE PRESIDING**