UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SYNASIA SANDERS and JACQUELINE HINE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OS RESTAURANT SERVICES, LLC, OUTBACK STEAKHOUSE INTERNATIONAL, L.P., OUTBACK STEAKHOUSE OF FLORIDA, LLC and BONEFISH GRILL, LLC,<br><br>Defendants. | CASE NO. 1:21-CV-04778-SEG |

## ORDER

This case is before the Court for consideration of the Plaintiffs' Consent Motion for Approval of Settlement. (Doc. 156). The parties seek approval of their collective action settlement under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The Court has reviewed the parties' Release and Settlement Agreement ("Settlement Agreement") (Doc. 156-1) and the motion. For the following reasons, the Court DENIES the parties' consent motion WITHOUT PREJUDICE due to concerns about the fee award.

In this FLSA case, Plaintiffs allege that they and members of the collective action worked as servers and bartenders at Outback Steakhouse and/or Bonefish Grill. Plaintiffs claim to have been paid hourly rates below the minimum wage; they seek in this litigation the difference between the minimum wage and the tip credit adjusted minimum wage for each hour they worked, plus liquidated damages. On November 18, 2021, Plaintiffs filed their case, and on September 1, 2022, the Court approved the parties' stipulation for conditional certification and notice to class members. The agreed-upon settlement stands to compensate some 12,500 collective action members. It was negotiated following a resource-intensive discovery period, and the engagement of an expert witness who analyzed the Defendants' wage, hour, and point of sale data for the purpose of damages calculation. It was further brought about through the parties' participation in mediation.

The Court reviews an FLSA settlement to ensure that it is fair, adequate, and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA,

is a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions."). Factors to be considered when evaluating a proposed FLSA settlement include the following: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Yarbrough v. Georgia-Carolina Stucco, Inc.*, No. CV 122-070, 2023 WL 5278710, at *2 (S.D. Ga. Aug. 16, 2023); *Hirsch v. Mister Sparky, Inc.*, No. 1:09-CV-2897-TWT, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010). When considering these factors, the Court should keep in mind the strong presumption in favor of finding a settlement fair. *Hirsch*, 2010 WL 11603091, at *2.

The Settlement Agreement in this case provides for a total payment by Defendants of $4,170,000, inclusive of attorneys' fees and costs. It further provides that every Plaintiff and Opt-In Plaintiff who joined this case following the issuance of the court-approved notice (Doc. 43) will receive a payment without the necessity of completing a claim form. The total settlement amount purportedly will compensate the Named Plaintiffs and Opt-In Plaintiffs at an

3

amount that is approximately 89% of their unpaid wages for a two-year statute of limitations period. (Doc. 159 at 4.)

The Court foresees no impediment to approval of the compensation to Named Plaintiffs in the amount of $10,000 each.[1] The Settlement Agreement's provisions regarding notice and claims administration appear fair and reasonable. The parties' compromise as to the two-year damages period is also reasonable in light of the parties' bona fide dispute as to whether Plaintiffs could satisfy their burden to show that Defendants acted willfully. *See* 29 U.S.C. § 255.

---

[1] Such compensation is not prohibited by *Johnson v. NPAS Sols., L.L.C.*, 975 F.3d 1244, 1255-61 (11th Cir. 2020). *Johnson*, unlike the instant case, was a Rule 23 opt-out class action and, as such, "is distinguishable from a collective action settlement for individuals who had affirmatively opted in to join the litigation by filing signed consents." *See, e.g.,* Order and Stipulated Judgment (Doc. 81 at 3), *Walton v. Publix Supermarkets, Inc.,* No. 1:19-CV-4466-LMM (N.D. Ga. July 12, 2021) (finding *Johnson* distinguishable and approving $1,500 payment to each FLSA named plaintiff). Further, here, as in *Walton*, the additional compensation to the Named Plaintiffs was, at least in part, consideration for a general release of all claims against Defendants. (Doc. 156 at 15-16; 156-1 at 5-6.) This District Court and others have found that additional consideration may be appropriate for an FLSA plaintiff who releases non-FLSA claims as part of his settlement. *See, e.g.*, Final Approval Order and Judgment (Doc. 82 at 19-21), No. 1:21-cv-03950-TWT (N.D. Ga. July 31, 2023) (approving additional compensation to named plaintiffs in FLSA settlement and distinguishing *Johnson*); *see also Garcia v. Amazon.com, Inc.,* No. 8:21-CV-803-CPT, 2023 WL 3190957, at *5 (M.D. Fla. May 1, 2023) (approving FLSA collective settlement agreement wherein named plaintiff received $10,000 in compensation for general release).

The Court's concern is with the parties' request to approve an award of attorneys' fees and costs in the amount of $1,947,381.71. It is argued that the fee award is fair and reasonable because the Named Plaintiffs agreed with their counsel to a 40% contingency agreement prior to the initiation of this action. (Doc. 156 at 19.) That fact, however, does not persuade the Court as to the fee's reasonableness. On the contrary, the Eleventh Circuit has expressed reservations about contingency fee arrangements in FLSA settlements. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing to a Second Circuit case expressing "considerable doubt as to the validity of the contingent fee agreement" and stating that the fact that a named plaintiff and his lawyer "entered into a contingency contract to establish [the lawyer's] compensation if [plaintiff] prevailed on the FLSA claim is of little moment in the context of the FLSA."). The Court must accordingly conduct "judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351.

While contingency fees are not per se unreasonable in the FLSA context, they "must be justified from the specifics of the particular case." *Hinton v. McGahan*, No. 1:22-CV-03257-SDG, 2023 WL 4364891, at *2 (N.D. Ga. July 6,

2023). Here, the fee amount being sought is both a substantial sum and a substantial portion of the Plaintiffs' recovery. Plaintiffs' motion represents that "[t]he settlement provides monetary compensation of $4,170,000 to approximately 12,500 Plaintiffs" (Doc. 156 at 7), but the foregoing statement is somewhat misleading when examined in light of the Settlement Agreement's plain terms. Under the Agreement, the Gross Settlement fund refers to the full $4,170,000, inclusive of fees and costs. The Net Settlement Fund payable to Plaintiffs consists of $4,170,000 minus (1) attorneys' fees and costs; (2) service payments; and (3) settlement administration costs. (Doc. 156-1 at 3.) The total proposed attorneys' fees and costs are $1,947,381.71. (Doc. 156-1 at 5.) In other words, Plaintiffs' counsel will receive $1,947,381.71 in fees and costs while the Plaintiffs will receive $2,222,618.29, less unknown service payments and settlement administration costs. It is possible, depending on the amounts of service payments and administration costs, that counsel will receive more compensation than collective action members.

Especially considering the foregoing, the Court finds that Plaintiffs have not sufficiently explained why counsel's 40% contingency fee is reasonable. *See Hinton*, 2023 WL 4364891, at *2 (finding that counsel failed to show that 40% contingency fee was reasonable and denying without prejudice motion for approval of FLSA settlement). Plaintiffs' counsel here seek nearly two million

6

dollars in fees and costs, but they have not provided any lodestar analysis or indeed any evidence at all of time spent or costs incurred in this matter. Neither is there any evidence in the record to enable the Court to determine that Plaintiffs' recovery is not adversely impacted by the 40% contingency fee arrangement. *Hinton*, 2023 WL 4364891, at *2; *Elleby v. Fusion Mgmt. Servs. LLC*, No. 1:20-CV-04261-ELR, 2021 WL 9772801, at *3 (N.D. Ga. Feb. 3, 2021) (declining to approve FLSA settlement providing for 40% contingency fee award where plaintiff failed to provide information "from which the Court can determine that her recovery is not being sacrificed to fund her counsel's attorney's fees").

To the extent that Plaintiffs proceed on a common fund theory (Doc. 159 at 4), the Court notes that some courts have frowned on that theory in the FLSA context. *See, e.g., Hurt v. RT Pizza Inc.*, No. 7:20-CV-57 (WLS), 2021 WL 5413668, at *4 (M.D. Ga. Feb. 12, 2021) ("The Court is concerned that the common-fund approach proposed here causes the damages award to be improperly reduced by counsel's fees."). That concern aside, while "[t]here is no hard and fast rule mandating a certain percentage of a common fund which may reasonably be awarded as a fee," the Eleventh Circuit has observed that "[t]he majority of common fund fee awards fall between 20% to 30% of the fund." *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir.

7

1991) (citing H. Newberg, *Attorney Fee Awards* § 2.08 at 51 (1986)).  And it is "well-settled law" in this circuit "that 25% is generally recognized as a reasonable fee award in common fund cases."  *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1243 (11th Cir. 2011).

Where, as here, the fee percentage exceeds 25% of Plaintiffs' recovery, careful scrutiny is required.  *Id.* at 1242-43.  In common fund cases, courts analyze fee requests against a list of twelve, enumerated factors, sometimes referred to as the "*Camden I* factors."[2]  *See George v. Acad. Mortg. Corp. (UT)*, 369 F. Supp. 3d 1356, 1375 (N.D. Ga. 2019) (approving attorneys' fees equal to 33% of the FLSA settlement amount following a thorough analysis of *Camden I* factors)*; Wreyford v. Citizens for Transp. Mobility, Inc.*, No. 1:12-cv-2524-JFK, 2014 WL 11860700, at *1 (N.D. Ga. Oct. 16, 2014) (approving $108,333.33 fee that represented approximately 33 percent of the plaintiffs' award, after

---

[2] The twelve factors that courts should consider in determining the reasonableness of a proposed contingency fee for counsel are: (1) the time and labor required; (2) the novelty and difficulty of the relevant questions; (3) the skill required to properly carry out the legal services; (4) the preclusion of other employment as a result of acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the clients or the circumstances; (8) the results obtained, including the amount recovered for the clients; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the clients; and (12) fee awards in similar cases.  *See Camden*, 946 F.2d at 772 n.3.

8

consideration of *Camden I* factors). Plaintiffs do not reference the *Camden I* test in their motion, and while they do address some of the twelve factors, the Court is left in the dark as to others. Under *Silva*, the contingency fee arrangement cannot anchor the reasonableness inquiry. A more fulsome effort to show satisfaction of the *Camden I* factors is required.

The motion for settlement approval is denied without prejudice. Any renewed motion should provide a lodestar analysis to "cross-check the reasonableness of the contingency fee." *Hinton*, 2023 WL 4364891, at *3 (declining to approve an FLSA settlement where the 40% contingency fee award was higher than the lodestar amount); *Weaver v. Coastal Autism Therapy Ctr., Inc.,* No. CV420-230, 2021 WL 5541943, *1-2 (S.D. Ga. Jan. 25, 2021) (employing lodestar analysis to assess reasonableness of contingency fee in FLSA case). This is not to say that there must be an exact match between the lodestar amount and the fee requested, or that the former number must be less than the latter in every instance. Each case is to be examined on its own facts and, here, it is surely significant that Plaintiffs' counsel litigated this case for two years without payment, took on the risk of potentially no payment with an adverse result, and advanced costs on behalf of Plaintiffs. The foregoing factors should be considered in the reasonableness analysis, but they must be considered alongside evidence of the time and resources devoted to the case.

9

More critically, a renewed motion must provide assurance that counsel's fees do not reduce Plaintiffs' recovery. *Silva*, 307 F. App'x at 351 ("[t]he language of [29 U.S.C. § 216(b)] contemplates that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs."). The parties represent that Plaintiffs will recover a substantial percentage of their wages due (89%), and it is clear to the Court that substantial work and resources went into the litigation. But the settlement structure and contingency fee arrangement – wherein the fees and costs explicitly are pulled from the gross settlement – heightens rather than alleviates the concern that counsel's fees may reduce Plaintiffs' recovery.[3] It is unclear that Plaintiffs will be able to square the proposed fee with the foregoing guidance from *Silva*. They do not do so on the present record.

---

[3] *Cf. Brenowitz v. Implant Seminars, Inc.,* No. 17-20184-CIV, 2017 WL 3438879, at *3 (S.D. Fla. Aug. 10, 2017) ("[A] Court may deem a contingency fee award unreasonable if a plaintiff is sacrificing a portion of his unpaid wages recovery to fund plaintiff's attorney's fees. However, in this case, Plaintiff's proposed recovery *exceeds* the amount of unpaid wages he sought in his statement of claim. In Plaintiff's statement of claim, he sought $58,881.12 for overtime pay. . . At the fairness hearing, Plaintiff's counsel stated that Plaintiff would be recovering $75,000, which exceeds the statement of claim amount. Based on this, Plaintiff is, without question, *not* sacrificing his recovery to fund his counsel's attorney's fees.") (emphasis in original).

For the foregoing reasons, the Motion for Approval of the Settlement is DENIED with leave to refile. (Doc. 156.) The parties may renew their motion, consistent with the terms of this order, within 21 days of the entry date of this order.

**SO ORDERED** this 15th day of November, 2023.

_____
SARAH E. GERAGHTY
United States District Judge