UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SYNASIA SANDERS and JACQUELINE HINE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>OS RESTAURANT SERVICES, LLC, OUTBACK STEAKHOUSE INTERNATIONAL, L.P., OUTBACK STEAKHOUSE OF FLORIDA, LLC and BONEFISH GRILL, LLC,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:21-CV-4778-SEG |

**O R D E R**

This case is before the Court on the parties' Supplemental Motion for Approval of Settlement. (Doc. 161.)  The parties seek approval of their collective action settlement under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  For the following reasons, the Court GRANTS the motion.

## I. Background

In this FLSA case, Plaintiffs[1] allege that they worked as servers and bartenders at Outback Steakhouse and/or Bonefish Grill. Plaintiffs claim to have been paid hourly rates below the minimum wage; they seek in this litigation the difference between the minimum wage and the tip credit adjusted minimum wage for each hour they worked, plus liquidated damages. On November 18, 2021, Plaintiffs filed their case, and on September 1, 2022, the Court approved the parties' stipulation for conditional certification and notice to class members.

The agreed-upon settlement will compensate some 12,500 collective action members. It was negotiated following a resource-intensive discovery period, and the engagement of an expert witness who analyzed the Defendants' wage, hour, and point of sale data for the purpose of damages calculation. It was further brought about through the parties' participation in mediation.

The parties filed an initial motion for settlement approval on October 16, 2023. (Doc. 156.) The Court denied that motion without prejudice on November 15, 2023, due to concern about the requested awards of attorneys'

---

[1] The term "Plaintiffs" includes the named plaintiffs and those individuals who elected to participate in this case as opt-in plaintiffs, as identified by name on Exhibit 1 to the Settlement Agreement.

fees and costs, as compared to Plaintiffs' recovery. (Doc. 160.) The parties were advised that any renewed motion "must provide assurance that counsel's fees do not reduce Plaintiffs' recovery." (*Id*. at 10.) The Court further expressed concern about the absence, in the prior motion, of "any lodestar analysis or indeed any evidence at all of the time spent or costs incurred in this matter." (*Id*. at 7.) The parties have now submitted a renewed motion and additional evidence for the Court's consideration.

## II.     Legal Standard

The Court reviews an FLSA settlement to ensure that it is fair, adequate, and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions."). Factors to be considered when evaluating a proposed FLSA settlement include the following: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery

3

completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Yarbrough v. Georgia-Carolina Stucco, Inc.*, No. CV 122-070, 2023 WL 5278710, at *2 (S.D. Ga. Aug. 16, 2023); *Hirsch v. Mister Sparky, Inc.*, No. 1:09-CV-2897-TWT, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010). When considering these factors, the Court should keep in mind the strong presumption in favor of finding a settlement fair. *Hirsch*, 2010 WL 11603091, at *2.

In addition, if the settlement agreement includes an award of attorneys' fees, the Court is obligated to examine that award for reasonableness. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.") "[A] reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (alteration adopted and quotation marks omitted)).

## III. Discussion

The Settlement Agreement in this case provides for a total payment by Defendants of $4,170,000. From this gross settlement amount, the two named plaintiffs will each receive a $10,000 award, and Plaintiffs' counsel will receive attorneys' fees ($1,668,000) and litigation/class notice expenses ($279,381.71), resulting in a net amount of $2,202,618.29 to Plaintiffs. (Doc. 161 at 2-3.) The net sum will compensate the named plaintiffs and opt-in plaintiffs at an amount that is approximately 89% of their unpaid wages for a two-year statute of limitations period. (*Id.* at 3.)

In their supplemental motion, the parties clarify that Plaintiffs' counsel will pay the $49,000 settlement administration costs out of the gross settlement sum, thereby reducing their fees from an initial 40% to 38.8% of the recovery. (Doc. 161 at 12.) Plaintiffs have also supplemented the record with attorney declarations attesting, *inter alia*, to: (1) the number of hours counsel expended in this case (2,933.2); (2) the reasonableness of counsel's hourly rates; (3) the reasonableness of the time spent on the case to date; (4) the reasonableness of the claimed expenses; and (5) the work that remains to be done in effectuating the settlement. (Doc. 161-2, Doc. 161-3.) The Court has reviewed the declarations and supporting documentation and finds the requested fees and expenses reasonable in light of the resource-intensive

5

nature of the litigation, the complexity and relative novelty of certain issues, and the risk incurred by Plaintiffs' counsel in undertaking the matter on a contingency-fee basis.

In its previous order, the Court reviewed with approval several key aspects of the proposed settlement, including the $10,000 award for the named plaintiffs, the Settlement Agreement's provisions regarding notice and claims administration, and the parties' compromise as to the two-year damages period. Having reviewed the supplemental evidence and re-examined the full record in this matter, the Court now finds that the negotiated settlement terms are a fair and reasonable resolution of a bona fide dispute, considering the costs, risks, and delay of trial and appeal. Defendants here deny liability, deny willfulness as to FLSA violations, 29 U.S.C. § 255, and contend that they acted in good faith such that liquidated damages should not be assessed. If settlement had not been achieved, Plaintiffs faced the expense, risk, and uncertainty of extended litigation. The Court thus finds that the Plaintiffs' settlement award, attorneys' fees, service award payments, and expenses requested are fair and reasonable.

For the foregoing reasons, the Court ORDERS that both the settlement of Plaintiffs' claims and the procedure to administer the settlement as set forth in the Settlement Agreement are approved. The parties shall administer the settlement of Plaintiffs' claims as set forth in the Settlement Agreement.

It is further ORDERED that this case and all claims asserted in this case by Plaintiffs are DISMISSED WITH PREJUDICE, with each party to bear its own costs, except as set forth in the Settlement Agreement and the supplemental motion for settlement approval. At the request of the parties, the Court retains jurisdiction over the action to oversee and enforce the terms of the Settlement Agreement.

### III. Conclusion

The supplemental motion for approval of settlement is GRANTED (Doc. 161), the settlement is APPROVED, and the case is DISMISSED. As no matters remain pending before this Court, the Clerk is DIRECTED to close this case.

**SO ORDERED** this 22nd day of February, 2024.

SARAH E. GERAGHTY
United States District Judge